CHARLES A. REVERCOMB, Constable, ex rel. JOHN H. WORLAND, Appellant, v. JOHN M. McCULLY et al., Respondents.

St. Louis Court of Appeals, April 12, 1898.

1. **Instruction**: FRAUDULENT SALE. The claimant in this case as the creditor of his son, by virtue of suretyship on a note given by the latter for $600 had the right to accept adequate indemnity against loss growing out of that relation, and for this purpose might have taken a mortgage from his son, or an absolute conveyance of such an amount as was *reasonably* sufficient to protect himself as surety, but he was not permitted under the statute of frauds to assist his son in putting any of his property out of the reach of creditors over and above an amount sufficient to save plaintiff harmless as surety on the $600. According both to the allegations of the petition and the evidence adduced for the plaintiff on the trial, the value of the property which plaintiff took to protect himself as surety, was more than double the amount of his contingent liability. *Held*, under the above state of facts that an instruction to find for defendant was properly given.

2. **Fraudulent Conveyance.** The secret understanding between the plaintiff and his principal that the property, though its transfer to plaintiff was manifested by an absolute bill of sale, was to belong to the son after payment to plaintiff of whatever he might be compelled to pay as surety on the note, rendered the conveyance in question one to the use of the grantor, and therefore void as against his judgment creditor.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

AFFIRMED.

W. O. L. JEWETT and B. R. DYSART for appellant.

A debtor has a right to prefer creditors. Murray
v. Carson, 15 Mo. 381; Alberger v. Bank, 123 Mo.
318. An absolute conveyance may be intended only as
a security. Hargadine v. Henderson, 97 Mo. 375;
Schradski v. Albright, 93 Mo. 42; Bank v. Powers,
134 Mo. 432. A debtor has a right to make such con-
veyance as he sees fit for the benefit of part or all of
his creditors. Jeffrey v. Mathews, 120 Mo. 317; Al-
berger v. Bank, 123 Mo. 318; Hargadine v. Henderson,
97 Mo. 375. A debtor has a right to put a creditor in
possession of a large amount of property to secure his
debt and the kind of instrument or manner is not ma-
terial. Alberger v. Bank, 123 Mo. 313. "The amount
of the property transferred did not of itself taint the
transaction with fraud, as was expressly held in the
recent case of Hargadine v. Henderson, 97 Mo. 375."
Alberger v. Bank, 123 Mo. 325; Jeffrey v. Matthews,
120 Mo. 317; Ames v. Gilmore, 59 Mo. 537.

V. L. DRAIN with CLEEK & WILLIAMS for respond-
ents.

The bill of sale was fraudulent in law, therefore the
instruction of the court is right. R. S., secs. 5169,
5170; Bump on Fraudl. Conv. [4 Ed.], secs. 55,
57, 173, 194; Molaska Mfg. Co. v. Steele & Walker,
36 Mo. App. 496; Meyburg v. Jacobs, 40 Mo. App.
128; State v. Koch, 40 Mo. App. 635; Link v. Har-
rington, 41 Mo. App. 635; Bank v. Lime Co., 43 Mo.

App. 561; Redman v. Durrant, 53 Mo. App. 493; Pattison v. Letton, 56 Mo. App. 325; Elser v. Graber, 69 Tex. 222; 6 S. W. Rep. 560; Benne v. Schnecko, 100 Mo. 250; 13 S. W. Rep. 82; Seger v. Thomas, 107 Mo. 635; 18 S. W. Rep. 33; McDonald v. Hoover, 44 S. W. Rep. 334. Plaintiff can not recover in this action for the further reason that he took the conveyance with knowledge that the purchase price was unpaid. R. S. 1889, sec. 4914; Woolfolk v. Kemper, 31 Mo. App. 421.

BOND, J.—The petition in this case alleges that plaintiff is the absolute owner of a certain stock of drugs of the value of $1,400; that the same was levied upon and sold by a constable in charge of three executions issued upon justices' judgments in favor of defendant McCully, aggregating $750; that plaintiff made a verified claim to the property at the time of the levy as prescribed by statute, and thereupon the constable took a bond of indemnity in the sum of $1,000, signed by the defendants. It then asks for judgment for $1,000 and costs. To this petition an answer was filed containing a general denial, and alleging that plaintiff's title rested upon a fraudulent bill of sale made to him by his son, who was the defendant in the executions levied upon said property. Issue STATEMENT. was joined by reply. On the trial plaintiff introduced a bill of sale to the property in dispute executed to him on the twenty-second day of June, 1897, by his son. The bill of sale recited that it was given in consideration of the assumption by the plaintiff of a debt of $600 due from his son to defendant J. M. McCully, and evidenced by a note signed by plaintiff as surety, and for "other indebtedness."

The testimony of plaintiff disclosed that he took the bill of sale *only* for the purpose of saving himself

harmless as the surety on his son's said note for $600; that no other consideration existed therefor; that the sale was made to him a few days after suits had been brought against his son by defendant McCully on three notes for $250 each. Plaintiff's evidence showed that the value of the goods at the time of the bill of sale to him was about $1,200 or $1,400; that he, however, offered to turn them over to defendant McCully if the latter would surrender the note upon which plaintiff was surety. On the foregoing admissions in plaintiff's testimony and in his petition the court refused all instructions on his behalf and gave the following for the defendant:

"The instrument or bill of sale from George Worland to John H. Worland being absolute upon its face and plaintiff John H. Worland by his evidence admitting it was intended as a security for $600, INSTRUCTION. and that the stock of goods was worth $1,200 to $1,400, such instrument became and was fraudulent in law and the verdict will be for the defendant." The jury returned a verdict in favor of defendant.

Plaintiff after unsuccessful motions for new trial and in arrest appealed to this court.

Under the facts in this record there was no error in the direction given by the court to the jury to find for the defendant. Plaintiff as the creditor of his son, by virtue of suretyship on a note given by the latter for $600, had the right to accept adequate indemnity against loss growing out of that relation, and for this purpose might have taken a mortgage upon the property of his son, or an absolute conveyance of such an amount thereof as was *reasonably* sufficient to protect himself as surety, but he was not permitted under the statute of frauds to assist his son in putting any of his property out of the reach of creditor over and above an

amount sufficient to save plaintiff harmless as surety on the $600 note. According both to the allegations of the petition and the evidence adduced for plaintiff on the trial, the value of property which plaintiff took to protect himself as surety, was more than FRAUDULENT conveyance. double the amount of his contingent liability. The secret understanding between the plaintiff and his principal that this property, though its transfer to plaintiff was manifested by an absolute bill of sale, was to belong to the son after payment to plaintiff of whatever he might be compelled to pay as surety on the note, rendered the conveyance in question one to the use of the grantor, and therefore void as against his judgment creditor. R. S. 1889, secs. 5169, 5170. It was therefore the duty of the trial court to give the instruction complained of. The judgment herein is affirmed. All concur.